1

2

3                                                                    O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 | VICTORIA URENIA, an          ) Case No. CV 13-01934 DDP (AJWx)
   | individual; SOLEDAD CORONA,  )
12 | an individual,               ) ORDER GRANTING IN PART AND
   |                              ) DENYING IN PART DEFENDANT'S
13 |              Plaintiffs,     ) MOTION TO EXPUNGE LIS PENDENS
   |                              )
14 |     v.                       ) [Docket No. 9]
   |                              )
15 | PUBLIC STORAGE, a real       )
   | estate investment trust;     )
16 | CITY OF LOS ANGELES, a       )
   | governmental entity;,        )
17 |                              )
   |              Defendants.     )
18 | _____)

19 | **I. Background**

20 |      Plaintiffs Victoria Urenia and Soledad Corona("Ms. Corona")

21 | (collectively "Plaintiffs") have sued Public Storage, City of Los

22 | Angeles, Bank of America ("BOA"), and Michael Anz on several

23 | grounds.  (See generally Compl., Docket No. 1.)  On June 1, 2013,

24 | Ms. Corona filed a lis pendens against real property located at

25 | 2200 Daly Street, Los Angeles, California 90031 (the "Property").

26 | Presently before the Court is BOA's Motion to Expunge Lis Pendens

27 | and Request for Attorney Fees and Costs ("Motion").  (Docket No.

28 | 9).

1    Ms. Corona is the former Trustor of a Deed of Trust dated
2  September 4, 2008, that encumbered the Property and included a
3  power of sale clause that provided for the nonjudicial foreclosure
4  of the Property. (Compl., ¶¶ 23-24; Request for Judicial Notice
5  ("RJN") at Exh. A (Deed of Trust), Docket No. 10.)  BOA asserted
6  that Ms. Corona defaulted on her mortgage, and a Notice of Default
7  was recorded against the Property on July 14, 2009. (Compl. ¶ 24,
8  RJN, Ex. B.)  A Notice of Sale of the Property was recorded on
9  October 29, 2009, and the Property was sold on December 14, 2009.
10  (RJN Ex. A.) Trustee's Deed Upon Sale was recorded on December 21,
11  2009. <u>Id.</u>

12    Ms. Corona sued in Los Angeles Superior Court for wrongful
13  foreclosure and, after an appeal, BOA prevailed, eventually
14  obtaining legal title and possession of the Property. (RJN, Exhs.
15  E ("Trial Court Judgment"); F ("Appellate Decision"); G (Unlawful
16  Detainer "UD" Judgment).  On February 8, 2013, the Superior Court
17  rejected Ms. Corona's post-judgment applications to quash that
18  court's writ of possession in the UD action. <u>Id.</u> at Ex. H ("UD
19  Court Order Affirming UD Judgment").

20  **II. <u>Legal Standard</u>**

21    "A lis pendens is a recorded document giving constructive
22  notice that an action has been filed affecting title to or right to
23  possession of the real property described in the notice." <u>Kirkeby</u>
24  <u>v. Superior Court of Orange Cnty.</u>, 33 Cal. 4th 642, 647 (2004).
25  California law governs lis pendens matters. <u>Schmidt v. Coldwell</u>
26  <u>Banker Residential Brokerage</u>, 5:13-CV-00986 EJD, 2013 WL 2085161,
27  at *3 (N.D. Cal. May 14, 2013).  "[A]ny party may apply to the
28  court in which the action is pending to expunge a lis pendens."

2

1   Id. (citing Cal. Civ. Proc. Code § 405.30.)  "The court must grant

2   a motion to expunge if it determines either (1) that the pleading

3   on which the notice is based does not contain a real property

4   claim, or (2) that the claimant has not established by a

5   preponderance of the evidence the probable validity of the real

6   property claim."  Id. (citing Cal. Civ. Proc. Code §§ 405.31,

7   405.32).  "[T]he burden is on the party opposing the motion to show

8   the existence of a real property claim."  Kirkeby, 33 Cal. 4th at

9   647.

10  **III. <u>Analysis</u>**

11      As a threshold issue, Plaintiffs state BOA lacks standing.

12  However, "any party may apply to the court in which the action is

13  pending to expunge a lis pendens."  Schmidt, 2013 WL 2085161, at *3

14  (citing Cal. Civ. Proc. Code § 405.30).  Although non-parties must

15  show they have an "interest in the real property," BOA is a party,

16  and that status is sufficient to confer standing.  Cal. Civ. Proc.

17  Code § 405.30 ("[A]ny party, or any nonparty with an interest in

18  the real property affected thereby, may apply to the court in which

19  the action is pending to expunge the notice.").

20      BOA states that the Complaint does not contain a real property

21  claim, which is a requirement under Cal. Civ. Proc. Code § 405.31.

22  Specifically, BOA states that Ms. Corona's Complaint is about

23  personal property, not real property, because the Prayer for Relief

24  in the Complaint does not seek "any relief that would affect title

25  or possession of the property."  (Docket No. 9-1 at 3:10-11.)

26      "The majority of [California] courts have concluded that a

27  claim that seeks an interest in real property merely for the

28  purpose of securing a money damage judgment does not support the

3

recording of a lis pendens." Campbell v. Superior Court, 132 Cal.
App. 4th 904, 912 (2005).  However, the Complaint's final cause of
action is to "set aside foreclosure sale," and it specifically
requests that the "sale should be set aside."  (Compl. ¶¶ 237-42.)
Thus, even if this Court were to side with the majority of
California courts, Plaintiffs do not seek only money damages; they
seek to affect title.  BOA's reply brief faults Ms. Corona for not
specifically including setting aside the foreclosure in the Prayer
for Relief section of the Complaint.  (Docket No. 16 at 1:2-5.)
Because "public policy favor[s] the resolution of disputes on their
merits," BOA makes too much of too little.  In re Eisen, 31 F.3d
1447, 1454 (9th Cir. 1994).

     BOA also states that even if Plaintiffs seek a remedy that
affects title, she cannot succeed on any of her claims.  The Court
agrees.  Plaintiffs state that the claim for "foreclosure to be set
aside" should succeed because BOA never "followed the HUD
guidelines outlined in the Deed of Trust." Docket No. At 5:26-28.
Ms. Corona's Deed of Trust contained the following language:

> Regulations of HUD Secretary.  In many circumstances
> regulations issued by the Secretary will limit Lender's
> rights, in the case of payment defaults, to require
> immediate payment in full and foreclosure if not paid.
> This Security Instrument does not authorize acceleration
> or foreclosure if not permitted by regulations of the
> Secretary.

(Compl. ¶ 24.)  Plaintiffs' reliance on HUD guidelines is
unavailing.

1    While HUD regulations may prevent a foreclosure before it

2  occurs, after a foreclosure happens a plaintiff may not use those

3  regulations to "bring a private right of action against the

4  lenders." Pfeifer v. Countrywide Home Loans, Inc., 211 Cal. App.

5  4th 1250, 1269 (2012), review denied (Feb. 20, 2013) (analyzing a

6  Deed of Trust containing the same language block quoted above);

7  Weatherford v. Nevada Rural Hous. Auth., 3:10-CV-729-RCJ-RAM, 2013

8  WL 2179292 (D. Nev. May 17, 2013) (citing to "several circuits that

9  have . . . have found that there is no private right of action to

10  enforce HUD regulations").  The distinction between offense and

11  defense is paramount for HUD violations: "HUD regulations . . . may

12  be used defensively as an affirmative defense to a judicial

13  foreclosure action," but they "may not be invoked by the mortgagor

14  as a sword in an offensive cause of action against the mortgagee."

15  Pfeifer, 211 Cal. App. 4th at 1268-70.

16    Additionally, "[a] full tender must be made to set aside a

17  foreclosure sale, based on equitable principles." Stebley v.

18  Litton Loan Servicing, LLP, 202 Cal. App. 4th 522, 526 (2011).

19  Although under Pfeiffer, the full tender requirement does not apply

20  to certain pre-foreclosure contexts involving Civil Code § 2923.5,

21  § 2923.5 "does not provide for . . . setting aside a foreclosure

22  sale." Id.  Courts are reluctant to apply Pfeiffer outside the §

23  2923.5 context.  See Talaie v. Wells Fargo Bank, N.A., No. CV

24  12-04959 DMG AGRX, 2013 WL 3316157, at *3 (C.D. Cal. June 27,

25  2013).[1]

26  ───────────────

27  [1]There are a few other narrow exceptions to the tender
   requirement, but Plaintiffs have not stated that any of these

28  exceptions apply in this case.  See Lona v. Citibank, N.A., 202
   (continued...)

1    BOA also states that the claimant cannot prove the probable

2    validity of her real property claim, because any such claim is

3    precluded on res judicata grounds.  Because "the Full Faith and

4    Credit Act, 28 U.S.C. § 1738, requires us to give the same

5    preclusive effect to a state-court judgment as another court of

6    that State would give," this Court must "look to California law to

7    determine the effect of the judgment against International Church

8    entered by the Superior Court of Los Angeles County."  Int'l

9    Evangelical Church of Soldiers of the Cross of Christ v. Church of

10   Soldiers of the Cross of Christ of State of Cal., 54 F.3d 587, 590

11   (9th Cir. 1995).

12   Plaintiffs state that under the California Supreme Court's

13   decision in Keidatz v. Albany, 39 Cal. 2d 826 (1952) res judicata

14   is inapplicable: "If ... new or additional facts are alleged that

15   cure the defects in the original pleading, it is settled that the

16   former judgment is not a bar to the subsequent action whether or

17   not plaintiff had an opportunity to amend his complaint" (emphasis

18   added).  However, Plaintiffs' new allegations are related to BOA's

19   "failure to follow HUD regulations."  (Docket No. 13 at 8: 14-15.)

20   For the reasons discussed, these allegations will not cure any

21   defect, because Plaintiffs cannot use HUD regulations offensively.[2]

22

23   [1](...continued)
     Cal. App. 4th 89, 112-14 (2011) (listing the exceptions).

24   [2]BOA's other arguments that Keidatz is inapposite are
25   unconvincing.  Noting that BOA's demurrer was sustained without
     giving Ms. Corona leave to amend, BOA distinguishes this case from
26   Keidatz, where leave to amend was given but judgment was entered
     because plaintiff's never amended.  But, Keidatz's holding applies
27   regardless of whether or not leave to amend was given because "less
     prejudice is suffered by a defendant who has had only to attack the
28   pleadings, than by one who has been forced to go to trial until a
                                                      (continued...)

1    Additionally, Plaintiff's request for an undertaking is
2    unwarranted.  Because Plaintiffs have not "established by a
3    preponderance of the evidence the probable validity of the real
4    property claim," this Court is not permitted to "order an
5    undertaking to be given as a condition of expunging."  Cal. Civ.
6    Proc. Code § 405.30
7        Finally, BOA requests an award of attorney fees.  The Court
8    DENIES the request.
9    **IV.** __**Conclusion**__
10       For the reasons stated herein, the Motion is GRANTED, except
11   that the Court DENIES attorney fees.
12
13   IT IS SO ORDERED.
14
15
16   Dated: August 27, 2013
17                                    DEAN D. PREGERSON
18                                United States District Judge
19
20
21
22
23
24
     ²(...continued)
25   nonsuit is granted.  Id. at 830.  BOA also states that Keidatz's
     "new or additional facts" language only applies to facts that occur
26   after final judgment is entered in a prior case.  However, Keidatz
     only requires "new or additional" allegations, regardless of when
27   the relevant facts occurred.  Indeed, in Keidatz there was no
     discussion as to when the facts that gave rise to the added
28   allegation occurred, only that the allegation was "absent from
     [plaintiffs] former complaint."  Id. at 829.