O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA URENIA, an individual; SOLEDAD CORONA, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PUBLIC STORAGE, a real estate investment trust; CITY OF LOS ANGELES, a governmental entity; BANK OF AMERICA, N.A.; MICHAEL ANZ,<br><br>　　　　　Defendants.<br>_____ | Case No. CV 13-01934 DDP (AJWx)<br><br>**ORDER GRANTING MOTION TO STRIKE REFERENCES TO DISMISSED PLAINTIFFS**<br><br>[Dkt. Nos. 117, 118] |

   Presently before the Court is a motion to strike references in Plaintiffs' Second Amended Complaint ("SAC") to former plaintiffs Victoria Urenia, Soledad Corona, and Cathelene Hughes (collectively, "Dismissed Plaintiffs").  Having considered the parties' submissions, the Court adopts the following order.

**I.   BACKGROUND**

   Plaintiffs bring a class action lawsuit against the City of Los Angeles, Bank of America, and Public Storage alleging civil rights violations and unfair business practices stemming from

foreclosure and property seizure practices.  (SAC generally.) Initially, the suit was being prosecuted by Dismissed Plaintiffs Urenia and Corona.  In the First Amended Complaint, Dismissed Plaintiff Hughes and current Plaintiffs Javier and Brenda Hernandez were added to the action.  On September 29, 2014, the Court dismissed Urenia, Corona, and Hughes from the action and allowed Lenore Albert to withdraw as their attorney. (Dkt. No. 105.)  Ms. Albert remains as counsel for the Hernandezes.  On November 21, 2014, the remaining Plaintiffs filed a Second Amended Complaint, renaming the Dismissed Plaintiffs "third parties," but retaining specific factual allegations relating to the Dismissed Plaintiffs, as well as those relating to Defendant Michael Anz, who was only personally implicated in allegations regarding Urenia and Coronoa and was therefore dismissed as well.  (See Dkt. No. 109 at 5-6.)

    The remaining Defendants bring this motion to strike in order to eliminate references to the Dismissed Plaintiffs, alleging that the references are now redundant, immaterial or impertinent.  (Mot. Strike at 3:16.)

**II.   LEGAL STANDARD**

    A court may strike any "redundant, immaterial, impertinent, or scandalous matter" from a pleading.  Fed. R. Civ. P. 12(f).  "A 'redundant' matter consists of allegations that constitute a needless repetition of other averments . . . ."  Wilkerson v. Butler, 229 F.R.D. 166, 170 (E.D. Cal. 2005).  "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded.  'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. v. Fogerty,

984 F.2d 1524, 1527 (9th Cir. 1993) rev'd as to other matters, 510 U.S. 517 (1994).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

**III. DISCUSSION**

**A.   Timeliness of Filings**

As a preliminary matter, the Court notes that Plaintiffs' Opposition was filed three days late. As Defendants have already filed a reply, and, as discussed below, Defendants prevail on their motion, the Court will not impose additional sanctions at this time. However, Plaintiffs are warned that repeated failure to abide by filing deadlines in the future may result in the Court imposing sanctions, including (but not limited to) striking the late filing in its entirety and/or allowing the other party additional briefing.

**B.   Immaterial and Impertinent Matter**

Defendants argue that references to the Dismissed Plaintiffs are redundant, immaterial or impertinent, and the Court agrees, for two reasons. First, as their individual claims are no longer part of the suit, and are factually unrelated to the Hernandezes' claims, any factual allegations specific to the Dismissed Plaintiffs do not pertain to, are not necessary to, and bear no relationship to any of the individual claims in the SAC.

Second, factual allegations related to the Dismissed Plaintiffs are not necessary to, and bear no essential or important

3

relationship to, the class allegations.  While it is true that the allegations regarding Urenia, Corona, and Hughes might serve as examples of the class allegations, the same thing is true of the factual allegations regarding the Hernandezes.  Only allegations which are common to all class members could be relevant, and by definition the Hernandezes will have alleged such common facts.  Thus, repeating such allegations as to Urenia, Corona, and Hughes would be redundant, while at the same time not proving the existence of a class (four being nowhere near enough to constitute a class).

As a practical matter, striking the allegations relevant only to the Dismissed Plaintiffs avoids "litigating spurious issues," in that it enables the Defendants to properly focus on the remaining issues – the individual claims of the Hernandezes and the class claims – without having to answer individualized factual allegations unrelated to either.  Moreover, because Michael Anz is no longer a defendant in this case, it is inappropriate for there to be allegations as to his potentially culpable behavior, unless it is clear that the allegations are relevant to a claim against the remaining Defendants.

Because factual allegations related to the Dismissed Plaintiffs' claims are redundant, immaterial, and impertinent as to the remaining claims, the Court finds that the motion to strike should be granted.

**IV.  CONCLUSION**

The Motion to Strike is GRANTED.  To avoid confusion as to what matter is struck, the Court strikes the Second Amended Complaint IN ITS ENTIRETY.  Plaintiffs SHALL FILE a Third Amended

4

Complaint, no later than 21 days from the date of this order, omitting references to facts pertaining only to the Dismissed Plaintiffs and their individual claims.  This includes references to the behavior of former defendant Mike Anz, unless the allegation is specifically relevant to some claim against the remaining Defendants.

IT IS SO ORDERED.

Dated: January 6, 2015

DEAN D. PREGERSON
United States District Judge