O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA URENIA, an individual; SOLEDAD CORONA, an individual,<br><br>              Plaintiff,<br><br>     v.<br><br>PUBLIC STORAGE, a real estate investment trust; CITY OF LOS ANGELES, a governmental entity; BANK OF AMERICA, N.A.; MICHAEL ANZ,<br><br>              Defendants.<br>_____ | Case No. CV 13-01934 DDP (AJWx)<br><br>**Order Granting Defendant Public Storage's Motion For Sanctions under FRCP Rule 11**<br><br>[Dkt No. 157] |

   Defendant Public Storage moves for Rule 11 Sanctions against Plaintiff's counsel. (Dkt. No. 157.) After reviewing and considering the papers submitted by the parties, and hearing oral argument, the Court GRANTS the Defendant's motion.

**I. Background**

   Plaintiffs are suing Defendants under antitrust and unfair competition laws. The original complaint was filed on March 18, 2013, by Urenia and Corona ("Original Plaintiffs") against Bank of America, Public Storage, and Michael Anz. (Dkt. No. 1.) The

claims in the original complaint against Public Storage were based on allegations that Bank of America had transferred the Original Plaintiff's personal property from Corona's home to a Public Storage unit. (Id.)

On June 6, 2014, the Original Plaintiffs filed a First Amended Complaint ("FAC") and joined 3 new plaintiffs: Catherine Hughes, Javier Hernandez, and Brenda Hernandez. (Dkt. No. 60.) The FAC did not include allegations against Public Storage that related to the Hernandezes. The FAC only alleged that the Hernandezes' property was sent to "U.S. Public Storage" ("U.S. Storage"). (Id.)

Eventually, Original Plaintiffs and Hughes were voluntarily dismissed from the case. (Dkt. No. 105.) After additional amendments and motion practice, the Hernandezes were ordered to file a Third Amended Complaint ("TAC") that did not include allegations regarding the dismissed plaintiffs. (Dkt. No. 123.) Omitting references to the Original Plaintiffs, the TAC nonetheless alleges that "[i]n 1985 Public Storage, Inc. entered into a joint venture to form 'Westport Properties' which does business as 'U.S. Storage' (also referred to herein as US Public Storage)." (Id. at ¶ 13.) The TAC also alleged that "Public Storage was holding plaintiffs' personal property that was transported to it by co-defendants without plaintiffs' consent." (Id. at ¶ 20.) However, later factual allegations in the TAC show only that their property was held by "US Public Storage (Westport Properties)." (Id. at ¶ 57.) Additionally, discovery documents show that the Hernandezes were billed by "US Storage Centers - Mission Hills." (Decl Marshall Wrenshall, Ex. 6.)

2

Defendant Public Storage alleges it sent Plaintiffs' Counsel a letter on December 23, 2014, and again on January 12, 2015, informing her that the Plaintiffs' allegations lacked factual support as to Public Storage, and that the TAC therefore violates Rule 11.  Public Storage alleges that it informed Plaintiffs' counsel it would seek sanctions if Plaintiffs' Counsel did not dismiss Public Storage as a defendant in the litigation. (Def.'s Mem. P.& A. at 4.)

On February 6, 2015, Public Storage served upon Plaintiffs' Counsel its motion for sanctions, starting the 21-day "safe harbor" period under Rule 11(c)(2).  (Id.)  On March 2, 2015, Public Storage filed its Rule 11 motion with this Court.  (Id.)

Defendant moves for sanctions against Plaintiffs' Counsel for: 1) filing claims that are factually baseless; and 2) filing claims without conducting reasonable inquiry.

**II. Legal Standard**

Federal Rule of Civil Procedure 11 permits a court to impose sanctions upon attorneys, law firms, or parties that violate the rule's requirements regarding representations to the court. Fed. R. Civ. P. 11(c).  The Ninth Circuit has held sanctions should be imposed if (1) "after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or if (2) "a pleading has been interposed for any improper purpose." Golden Eagle Distributing Corp. v. Burroughs Corp., 801 F.2d 1531 (9th Cir. 1986).  When a "complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually

baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." <u>Holgate v. Baldwin</u>, 425 F.3d 671, 676 (9th Cir. 2005).

**III. Discussion**

**A. Satisfaction of the "Safe Harbor" Requirement**

As an initial matter, Plaintiff's counsel argues that Public Storage failed to comply with Rule 11(c)(2)'s "safe harbor" provision requiring the moving party to first serve the motion on the attorney to give her an opportunity to withdraw the challenged paper or claim before filing it with the court. Public Storage did serve Plaintiff's counsel with the motion, but it revised its motion before filing with the Court to include statements made by Judge Wistrich and Plaintiffs' Counsel.

Rule 11(c)(2) says that "*[t]he motion* must be served . . . but *it* must not be filed . . . ." This plain language does suggest that the motion served must be at least substantively the same as the motion ultimately filed. On the other hand, Public Storage cites to a case from the Northern District of Iowa that held that the filed motion need not be "identical" to the served motion, as long as "*the grounds* for sanctions asserted in the draft Rule 11 motion served . . . are the same as the grounds asserted in the Motion For Sanctions ultimately filed." <u>Ideal Instruments, Inc. v. Rivard Instruments, Inc.</u>, 243 F.R.D. 322, 339 (N.D. Iowa 2007). The Second Circuit has held that the motion initially served "need not be accompanied by supporting papers such as a memorandum of law or affidavits." <u>Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.</u>, 682 F.3d 170, 176 (2d Cir. 2012). And the Seventh Circuit has gone so far as to say that the requirement may

4

be satisfied by a letter stating the party's intent to seek sanctions. <u>Matrix IV, Inc. v. Am. Nat. Bank & Trust Co. of Chicago</u>, 649 F.3d 539, 552 (7th Cir. 2011). In other words, courts have tended to emphasize the importance of adequate notice, not identical form or language.

Although the memorandum and exhibits accompanying the Motion for Sanctions do vary somewhat from the versions initially served (chiefly in presenting additional evidence, such as bill from US Storage Centers - Mission Hills), the grounds on which sanctions are sought are the same, and most of the language is identical. Plaintiffs' Counsel was informed, during the "safe harbor" period, of the alleged grounds for sanctions, the authority under which sanctions were sought, and nature of the requested relief. This provided sufficient notice for her to make a decision as to whether to withdraw the filing. Defendant Public Storage substantially complied with the 21-day "safe harbor" provision.

**B. Claims Against Public Storage are Factually Baseless**

A factual assertion is baseless and violates Rule 11(b)(3) if there is no evidentiary support for it and such support is not "likely" to be developed by discovery. Fed. R. Civ. P. 11.

Plaintiffs' claims for relief against Defendant Public Storage are based on the factual allegation that their belongings were stored at a Public Storage facility. But Plaintiffs' own Third Amended Complaint contends that the Hernadezes' possessions were not placed in a Public Storage unit. Rather, Plaintiffs had a lease with U.S. Storage, affiliated with Westport Properties. (TAC ¶ 57, see also Wrenshall Decl. ¶ 6, Ex.6 (invoice from U.S. Storage to Javier Hernandez).)

Plaintiff's counsel appears to assert that Public Storage and Westport are in some kind of "joint venture."  But this assertion is based entirely on an *Los Angeles Times* article dated December 29, 1985.  (Pl.'s Opp. at 4.)  The article stated that Jim Warmington was entering into a venture with Barry Hoeven and Jon Pelmear to form Westport Properties to develop commercial real estate properties, and that Mr. Hoeven had previously developed business parks for Public Storage.  (See Pl.'s Opp., Exh. C.)  Plaintiffs' counsel appears to allege that Mr. Hoeven was an executive for Public Storage at the time he joined the venture to form Westport which then started to do business under the fictitious business name of U.S. Storage.  (Pl.'s Opp. at 4.)

However, the *Times* article does not say that Mr. Hoeven was ever employed by Public Storage, much less at the time of the Westport deal.  Even if it did say so, that would not, by itself, show that Westport was involved in any kind of "joint venture" with Public Storage.  And even if the two companies were engaged in a joint venture, that would not show that US Storage facilities actually belong to Public Storage, or that Public Storage can be held liable for actions taken by Westport/US Storage.  In short, the *Times* article is several logical leaps short of showing that there is any factual basis for allegations of liability against Public Storage.

At oral argument, Plaintiffs' counsel also stated that she had investigated the ownership of both companies, and that both were owned by insurance companies.  But this, too, is not evidence that the companies are related, much less that Public Storage shares any liability for the acts of Westport/US Storage.

On the record before the Court, the TAC's allegations against Public Storage are factually baseless.

**C. Plaintiffs' Claims Were Brought Without Reasonable Inquiry**

The second question in the Rule 11 analysis is whether "an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." Holgate v. Baldwin, 425 F.3d 671, 677 (9th Cir. 2005).

Plaintiffs' counsel argues the *Times* article proves "independent inquiry" was made to assess the claims against Public Storage. (Pl.'s Opp. at 4.) To the "extent that a newspaper article corroborates plaintiff's own investigation and provides detailed factual allegations, it can - at least in combination with plaintiff's investigative efforts - be a reasonable source of information." In re McKesson HBOC, Inc. Sec. Litig., 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000). However, as discussed above, that article provided no support for the allegations against Public Storage. Even crediting her claim to have searched public records for some sign of a relationship between the two companies, that search also turned up nothing. Proceeding with the allegation anyway was not acting on a belief formed after a reasonable inquiry. This is not a case where a reasonable inquiry turned up facts that appeared to support the allegation but were later revealed to be false. In this case, the inquiry revealed no supporting facts, but Plaintiff's counsel proceeded with the allegation anyway.[1]

---

[1] Additionally, Plaintiffs' counsel was admonished by
(continued...)

**IV. Conclusion**

　　The Court concludes that Plaintiffs' counsel has violated Rule 11. To deter the repetition of this conduct in the future, the Court finds that it is necessary to sanction Plaintiffs' counsel by ordering her personally to partially reimburse Defendant for the unnecessary legal fees incurred as a result of her sanctionable conduct. Accordingly, the Court GRANTS the Motion for Sanctions and hereby ORDERS Plaintiffs' counsel, LENORE L. ALBERT, to pay Defendant PUBLIC STORAGE attorneys' fees in the amount of **$2,500** within thirty (30) days of the date of entry of this Order. Plaintiff's counsel may not shift the cost of these fees to Plaintiff or otherwise avoid their payment.

IT IS SO ORDERED.

Dated: May 7, 2015

　　　　　　　　　　　　　　　　　　DEAN D. PREGERSON

　　　　　　　　　　　　　　　　　　United States District Judge

---

[1](...continued)
Magistrate Judge Andrew J. Wistrich that she had nothing to tie Public Storage to the Hernandezes' claim for relief, which should also have put her on notice that further inquiry was needed. (Def.'s P&A at 8, see Dkt. 155 at 12:8-23.)